UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS S. KENNEDY, III,

       Plaintiff,

vs.                                        CASE NO. 3:05cv220-RS

TRUSTMARK NATIONAL BANK,
FISHER BROWN, INC.,
GILBERT O. BENNETT,
ALAN D. MOORE,
BRADEN KIRK BALL, AND
ROBERT S. DAVIS,

       Defendants.
_____/

## ORDER ON MOTION TO DISMISS

Before the Court are the Defendants' Motion to Dismiss and Supporting Memorandum (Doc. 11) and Plaintiff's Response (Doc. 15).

## FACTS

Plaintiff was employed for approximately twenty-seven years by Defendant Fisher-Brown, Inc. ("Fisher-Brown"), an insurance company.  At some point during his employment, Plaintiff advanced to the position of vice president.  As part of his compensation, Plaintiff received shares of the common stock of Fisher-Brown.  Plaintiff also entered into a stock purchase agreement with Fisher-Brown which required that Plaintiff sell and Fisher-Brown purchase all of Plaintiff's Fisher-Brown stock in the event that Plaintiff ceased to be employed by Fisher-Brown for any reason.  The price to be paid for each share was its "fair market value."

After Plaintiff was named a defendant in a criminal case, Fisher-Brown terminated Plaintiff's employment on January 15, 2004.  At the time of his termination,

Plaintiff owned three hundred shares of Fisher-Brown stock.  Pursuant to the stock purchase agreement, Plaintiff sold and Fisher-Brown purchased the three hundred shares of stock.  The purchase price was approximately $1,500.00 per share.  In November, 2004, or approximately ten months after Plaintiff was terminated from Fisher-Brown, Defendant Trustmark National Bank ("Trustmark") purchased all of Fisher-Brown's stock for approximately $4,000.00 per share.

Plaintiff's Complaint asserts twelve causes of action against Defendants Fisher-Brown, Trustmark, and four individually named officers, directors, and shareholders of Fisher-Brown.  Essentially, Plaintiff contends that he was paid book value (allegedly $1,500.00 per share) rather than fair market value (allegedly $4,000.00 per share) in violation of the stock purchase agreement.  The crux of Plaintiff's Complaint, however, is not grounded in a simple breach of the stock purchase agreement (although breach of contract is asserted as one cause of action); rather, Plaintiff's central contention is that Defendants "conspired" in a "fraudulent scheme" to "cheat" him "out of $750,000.00 . . . (the difference between his shares at the forced buy-out price and his shares at the Trustmark transaction price)."  Pl.'s Resp. Def's Mot. Dismiss 8.

Federal jurisdiction arises because of the federal questions that are alleged in the first two causes of action.  In the first cause of action, Plaintiff asserts violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and the Securities Act of 1933, 15 U.S.C. § 77q.  In the second cause of action, Plaintiff asserts violations of Sections 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. § 77 l & o.  The remaining causes of action (three through twelve) are based on Florida state law or seek declaratory relief under the Federal Declaratory Judgment Act.

On August 4, 2005, Defendants filed a Motion to Dismiss (Doc. 11) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that the Complaint failed to state a cause of action upon which relief can be granted.  Defendants argue that dismissal of the first and second causes of action is appropriate because Plaintiff failed to plead fraud in the manner prescribed by Rule 9(b) of the Federal Rules of Civil Procedure and applicable securities law.  In addition, Defendants argue that the second

cause of action based on Sections 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. § 77 l & o, should be dismissed because the statute is inapplicable to the facts of this case.  Each of these arguments will be considered in the order stated.

## DISCUSSION

### I. Standard of Review

A motion to dismiss under Rule 12(b)(6) is designed to eliminate a pleading or portion of a pleading which fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  In deciding whether to grant or deny the motion, the court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 235 (1974); Lopez v. First Union Nat'l Bank of Florida, 129 F.3d 1186, 1189 (11th Cir. 1997); Harper v. Thomas, 988 F.2d 101, 103 (11th Cir. 1993).  Dismissal for failure to state a claim is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Pautala Elec. Membership Corp. v. Whitworth, 951 F.2d 1238, 1240 (11th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  If the facts alleged in the complaint would allow recovery under any possible theory regardless of whether they would allow recovery under the particular theory pleaded, the motion must be denied.  See Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992).  The court is not required, however, to accept as true the plaintiff's conclusions of law.  See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (citing Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974)).  On the contrary, the court may make its own determination of the legal issue, . . . ."  Solis-Ramirez, 758 F.2d at 1429. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  Oxford Asset Mgmt. Ltd. V. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citing South Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996); Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).  In light of this standard, the Court will determine the sufficiency of the Complaint.

## II. The Sufficiency of the Complaint

### A. The First Cause of Action

#### 1. Securities Act of 1933, 15 U.S.C. § 77q

In paragraphs 32 and 35 of the first cause of action, Plaintiff alleges a violation of the Securities Act of 1933, 15 U.S.C. § 77q. The plain language of the statute itself as well as cases which have interpreted the statute make it clear, however, that only *purchasers* of securities have standing to sue under 15 U.S.C. § 77q. 15 U.S.C. § 77q; see, e.g., Simmons v. Wolfson, 428 F.2d 455, 456 (6th Cir. 1970) (citing Greater Iowa Corp. v. McLendon, 378 F.2d 783, 790 (8th Cir. 1967)); Kobil v. Forsberg, 389 F. Supp. 715, 720 (W.D. Pa. 1975) (citing Kellman v. ICS, Inc., 447 F.2d 1305, 1309 (6th Cir. 1971); In re Penn Central Securities Litigation, 357 F. Supp. 869, 877 (E.D. Pa. 1973), aff'd 494 F.2d 528 (3d Cir. 1974)).

Here, Plaintiff does not allege that he qualifies as a purchaser of the securities; rather, he alleges only that he sold and Fisher-Brown purchased the securities upon his termination. Therefore, Plaintiff has failed to state a claim upon which relief can be granted. Because Plaintiff could not amend the Complaint in order to successfully state a claim based on 15 U.S.C. § 77q, granting the Plaintiff leave to amend the Complaint or dismissing without prejudice the portions of paragraphs 32 and 35 that are based on 15 U.S.C. § 77q would serve no purpose. "[W]here it is clear that no amendment would state a claim upon which relief may be granted dismissal with prejudice is warranted." Rhodes v. Omega Research, Inc., 38 F. Supp. 2d 1353, 1362 (S.D. Fla. 1999) (citing 3 Moore's Federal Practice P 15.08[4], at 15-80 (3d ed. 1998); Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)). Accordingly, the portions of paragraphs 32 and 35 of the Complaint that are based on 15 U.S.C. § 77q are dismissed with prejudice.

#### 2. Section 10(b) and Rule 10b-5

The remaining portions of Plaintiff's first cause of action are based on violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule

10b-5 accompanying 10(b), 17 C.F.R. § 240.10b-5.  Section 10(b) makes it unlawful for any person "to use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe."  15 U.S.C. § 78j(b).  Rule 10b-5 states that

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5.

To allege securities fraud under Rule 10b-5, a plaintiff must show: 1) a misstatement or omission, 2) of a material fact, 3) made with scienter, 4) on which plaintiff relied, 5) that proximately caused his injury.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1281 (11th Cir. 1989) (citing Ross v. Bank South, N.A., 885 F.2d 723, 728 (11th Cir. 1989) (en banc)).  In addition, the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b), sets forth heightened pleading requirements when a plaintiff alleges securities fraud.  According to Section 78u-4(b)(1)(B), "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."

The allegations contained in the first cause of action fail to satisfy the pleading requirements of a securities fraud claim. First, it is unclear from the Complaint exactly what misstatements or omissions are being alleged.  Plaintiff appears to allege the following misstatements or omissions: (1) Defendants terminated Plaintiff from employment without telling him that the sale of Fisher-Brown stock to Trustmark was imminent in order to defraud Plaintiff out of the increased value of the stock following its

sale to Trustmark and (2) Defendants misrepresented to Plaintiff that he would be paid the fair market value for his stock when, in fact, he was actually paid the book value for the stock.

It is uncertain whether the first misstatement or omission accurately reflects what Plaintiff intended to allege because the Complaint is ambiguous. In one part of the Complaint, Plaintiff alleges that he was terminated for a legitimate reason. Compl. ¶ 17 ("Plaintiff was terminated as a result of his being named a Defendant in the Sand Shaker drug sting"). Then, in another part of the Complaint, Plaintiff alleges that Defendants misrepresented to Plaintiff the reason for his termination. Compl. ¶ 22 & 23 ("Defendants . . . told Plaintiff that he was being terminated because of [sic] his status as a defendant would prevent him from maintaining an insurance license . . . None of the above were true"). Thus, because the quoted paragraphs from the Complaint directly conflict with each other (one alleging a legitimate reason for termination; the other implying wrongful and deceitful termination), it is impossible to ascertain what Plaintiff truly intended to allege.

The Complaint also insufficiently alleges scienter. The United States Supreme Court defined "scienter" as a "mental state embracing intent to deceive, manipulate, or defraud." Ernst & Ernst v. Hochfelder, 425 U.S. 185, 194 n. 12 (1976). Scienter is satisfied in the Eleventh Circuit by a showing of "severe recklessness." Bryant, 187 F.3d at 1282.

> Severe recklessness is limited to those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it.

McDonald v. Alan Bush Brokerage Co., 863 F.2d 809, 814 (11th Cir. 1989) (quoting Broad v. Rockwell Int'l Corp., 642 F.2d 929, 961-62 (5th Cir. 1981 (en banc) (citation omitted)). Section 78u-4(b)(2) sets forth the requirements for pleading scienter:

> In any private action arising under this title . . . in which the plaintiff may recover money damages only on proof that the

> defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this title . . . , state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.

15 U.S.C. § 78u-4(b)(2).

Synthesizing the above legal authorities, the Complaint must state "with particularity" facts which give rise to a "strong inference" that Defendants acted with "severe recklessness" in making a "misstatement or omission" to the Plaintiff. Here, Plaintiff has failed to state with particularity facts which give rise to a strong inference that Defendants acted with severe recklessness in making a misstatement or omission to the Plaintiff. Plaintiff essentially alleges that Defendants made the following misrepresentations or omissions: (1) Defendants falsely led Plaintiff to believe that they would pay him the fair market value for the stock, and (2) Defendants paid Plaintiff the book value for the stock without informing him that they were paying him the book value and not the fair market value. The Complaint, however, permits no inference, yet alone a *strong* inference, that the requisite scienter was met. With respect to the first alleged misrepresentation, both parties agree that Plaintiff should have been paid the fair market value for his stock. Indeed, this requirement is stated in the stock purchase agreement itself, the authenticity of which has not been challenged by either party. Thus, the representation that Plaintiff would be paid fair market value for the stock was not a misrepresentation at all; rather, the real dispute concerns the second alleged misrepresentation or omission, the *valuation* of the stock.

The Complaint fails to articulate particular facts which would support a strong inference that the second alleged misrepresentation or omission was made with the requisite scienter. Plaintiff alleges that he was paid book value for the stock rather than fair market value. However, Plaintiff fails to provide particular facts to support that assertion. Not only does Plaintiff fail to communicate the basis for his belief that the payment he received was based on the book value of his stock, but he also fails to assert particular facts from which a strong inference can be drawn that *Defendants* knew that they were paying only book value for the stock or were severely reckless in

their belief that they were paying the fair market value of the stock.  Moreover, the Complaint ambiguously alleges that "Defendants Trustmark and Fisher-Brown allowed these actions to be committed by Defendants and even participated in the commission of *some of these acts and omissions with scienter* as is evidenced by the facts set forth herein."  Compl. ¶ 28 (emphasis added).  Because Plaintiff alleges that some of the acts and omissions were committed with scienter, Plaintiff also seems to imply that some of the acts and omissions were committed *without* scienter.  Yet Plaintiff fails to articulate which acts or omissions were committed with scienter and which were committed without scienter.  Scienter, as previously discussed, must be established in order to plead a cause of cause of action based on Rule 10b-5.

Furthermore, the Complaint fails to plead the requisite scienter with respect to each Defendant.  "[Scienter] must be inferred for each defendant and with respect to each violation."  Phillips v. Scientific-Atlanta, Inc., 374 F.3d 1015, 1017-18 (11th Cir. 2004).  The Complaint alleges that "Defendants Trustmark and Fisher-Brown allowed these actions to be committed by Defendants and even participated in the commission of some of these acts and omissions with scienter as is evidenced by the facts set forth herein."  Compl. ¶ 28.  Plaintiff's use of the phrase "some of these acts and omissions" without identifying the *specific* acts and omissions that were committed by each Defendant fails to permit an inference of wrongdoing with respect to each Defendant.  The allegations against Trustmark are particularly vague.  Plaintiff fails to communicate the particular facts which would support the conclusory allegation that Trustmark conspired with the other Defendants to commit securities fraud against Plaintiff.

In essence, the only inference that can probably be drawn from the first cause of action as it is stated by Plaintiff is that Plaintiff was allegedly not paid what he should have been paid from the sale of his stock, not that securities fraud was committed by Defendants.  Based on this interpretation, Plaintiff's first cause of action is virtually indistinguishable from an action based on simple breach of contract.  An action based on securities fraud, however, requires more than allegations of simple breach of contract; rather, it requires the Plaintiff to set forth facts with particularity that give rise to a strong inference that Defendants acted with severe recklessness in making a

misstatement or omission to the Plaintiff. This standard does not require the Plaintiff to plead evidentiary matters, but "[a] balance must be struck between allowing bald allegations of material misstatements or omissions with little factual basis, on the one hand, and so tightening the requirements of pleading that Plaintiffs must plead evidence, on the other." Rhodes v. Omega Research, Inc., 38 F. Supp. 2d 1353, 1361 (S.D. Fla. 1999). The heightened pleading requirements of the Private Securities Litigation Reform Act were instituted to "curtail the abusive actions of plaintiffs in securities litigation who bring meritless claims hoping to initiate discovery and uncover evidence that was not alleged in the complaint. The Act seeks to dispose of these types of claims before a defendant is forced to engage in expensive and protracted discovery." Smith v. Smith, 184 F.R.D. 420, 422 (S.D. Fla. 1998). Although the Court makes no judgment about the merits of Plaintiff's claims, Plaintiff must adhere to the heightened pleading requirements of the Private Securities Litigation Reform Act. This Plaintiff failed to accomplish. The Court also notes that Plaintiff recognized the vagueness of the Complaint when he stated that "I agree with Defendants that Plaintiffs' [sic] allegations could be more specific and detailed." Pl.'s Resp. Mot. Dismiss 8.

15 U.S.C. § 78u-49b)(3)(A) requires the Court to dismiss the complaint if the pleading requirements of paragraphs (1) and (2) of that section are not met. Because the first cause of action fails to satisfy the heightened pleading requirements of paragraphs (1) and (2), the Court dismisses the first cause of action. However, because Plaintiff could potentially state a claim upon which relief could be granted, dismissal of the first cause of action is without prejudice.

### B. The Second Cause of Action

The second cause of action alleging a violation of Sections 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. § 77 l and o, also fails to state a claim upon which relief can be granted under Rule 12(b)(6). Section 12(a)(2) provides that:

> [any person who] offers or sells a security . . . by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of

> a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable . . . to the person purchasing such security from him . . . .

15 U.S.C. § 77l(a)(2).

Section 15 of the Securities Act of 1933 imposes liability upon a person who "controls" a person or entity that violates Section 12(a)(2). 15 U.S.C. § 77o; In re JDN Realty Corp. Securities Litigation, 182 F. Supp. 2d 1230, 1241 (N.D. Ga. 2002). The United States Supreme Court has stated that "[t]he Courts of Appeals agree that the phrase 'oral communication' [in Section 12(a)(2)] is restricted to oral communications that relate to a prospectus." Gustafson v. Alloyd Co., Inc., 513 U.S. 561, 567-68 (1995) (citations omitted). Construing the term "prospectus," the Court restricted its meaning

> to a document that, absent an overriding exemption, must include the 'information contained in the registration statement.' By and large, only public offerings . . . require the preparation and filing of registration statements . . . It follows, we conclude, that a prospectus under § 10 is confined to documents related to public offerings by an issuer or its controlling shareholders.

Id. at 569.

The Court then concluded "that the term 'prospectus' must have the same meaning under . . . §§ 10 and 12." Id. at 570. Courts have interpreted Gustafson to limit Section 12(a)(2) to public offerings only and to require that liability for fraud in connection with private offerings be based on Rule 10b-5. See Roth Revocable Trust v. UBS Painewebber, Inc., 323 F.Supp.2d 1279, 1289-91 (S.D. Fla. 2004) (citing cases and commentary). In addition, "[i]t is clear that only purchasers have standing to sue under Section[] 12(2) . . . of the 1933 Act. [This provision is] simply not designed to protect sellers, and that is obvious from the face of the statute[]. [It has] also been consistently interpreted to provide protection only to purchasers." Gutter v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 1194, 1196 (6th Cir. 1981) (citing

Simmons v. Wolfson, 428 F.2d 455 (6th Cir. 1970) (per curiam), cert denied, 400 U.S. 999 (1971)).

Here, Plaintiff fails to allege, nor can it be properly inferred, that the transaction at issue was a public offering, that the shares of stock were registered, that the alleged misrepresentations were made in a prospectus or related to a prospectus, or that he was a purchaser of the stock; rather, the stock was *sold* by Plaintiff pursuant to a stock purchase agreement, a *private* contract entered into between Plaintiff and his employer. It should also be noted that Plaintiff's Response to the Motion to Dismiss (Doc. 15) did not rebut Defendants' arguments that Sections 12(a)(2) and 15 were inapplicable. Therefore, Plaintiff has failed to state a claim on which relief can be granted. Because Plaintiff could not amend the Complaint in order to successfully state a claim based on Sections 12(a)(2) and 15, granting the Plaintiff leave to amend the Complaint or dismissing without prejudice the second cause of action would serve no purpose. "[W]here it is clear that no amendment would state a claim upon which relief may be granted dismissal with prejudice is warranted." Rhodes, 38 F. Supp. 2d at 1362 (S.D. Fla. 1999) (citing 3 Moore's Federal Practice P 15.08[4], at 15-80 (3d ed. 1998); Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)). Accordingly, Plaintiff's second cause of action is dismissed with prejudice.

### III. The Court Lacks Jurisdiction Over the Remaining Causes of Action (Three Through Twelve)

Federal jurisdiction in this action is based solely on the federal questions that are alleged in the first and second causes of action. Because the Court has determined that both causes of action fail to state claims upon which relief can be granted under Rule 12(b)(6), the Court is now deprived of supplemental jurisdiction to assess whether the remaining causes of action that are based on state law survive a motion to dismiss. Accordingly, all state law claims are dismissed without prejudice.

The declaratory relief that is sought in the eleventh cause of action is derivative of the underlying substantive law in the first and second causes of action. Because the

federal questions that are present in the first and second causes of action are dismissed, the eleventh cause of action is dismissed without prejudice.

## CONCLUSION

IT IS ORDERED:

1.  The portions of the first cause of action which allege a violation of the Securities Act of 1933, 15 U.S.C. § 77q (paragraphs 32 and 35 of the Complaint), are dismissed with prejudice.

2.  The portions of the first cause of action that are based on the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, are dismissed without prejudice.

3.  The second cause of action based on Sections 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. § 77 l and o, is dismissed with prejudice.

4.  All remaining causes of action (three through twelve), which arise under state law or the Federal Declaratory Judgment Act, are dismissed without prejudice.

5.  Plaintiff is granted leave to file an amended complaint as to the claims which have been dismissed without prejudice.

Ordered on January 17, 2006.

/s/ Richard Smoak
**Richard Smoak**
**United States District Judge**